IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PAUL BRAHO,                   )
                                    )
            Petitioner,             )         Civil Action No. 09-932
                                    )         Magistrate Judge Bissoon
      v.                            )
                                    )
DAVID KUCHUARY, *et al*.,           )
                                    )
            Respondents.            )

## OPINION AND ORDER

David Paul Braho ("Petitioner" or "Braho") was charged in the Court of Common Pleas

of Mercer County, Pennsylvania, with two counts of Terroristic Threats on September 6, 2006.

Petitioner's court-appointed counsel sought a competency evaluation.  After several delays

requested by Petitioner's counsel, a hearing was held on March 28, 2007, at which time the state

court found Petitioner incompetent to stand trial, and ordered him committed to a mental hospital

for 90 days on the basis that he was a danger to himself and/or to others (Doc. 9-24).  Petitioner

has been involuntarily committed to the Warren State Hospital since that time pursuant to

provisions of the Pennsylvania Mental Health Procedures Act ("MHPA"), 42 Pa.C.S.A. § 7305,

permitting additional periods of involuntary commitment for persons who continue to be a

danger to themselves or to others after an initial court-ordered commitment expires.

Petitioner's criminal trial has been postponed several times.  The state courts have

granted prosecution motions extending the time for trial on the basis that Petitioner is not

competent to stand trial.

Mr. Braho has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

challenging his continued involuntary commitment to Warren State Hospital  He also asserts that

he has been denied a speedy trial in his state court criminal proceeding.  The Petition will be dismissed because it is clear that Petitioner has not exhausted available state court remedies.

The exhaustion doctrine requires a petitioner to fairly present each federal claim to each level of the state court system.  Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  Here, it is apparent that Petitioner has not attempted to challenge his continued involuntary commitment under the MHPA, although there are available procedures for judicial review of such commitments.  See, In re Involuntary Commitment of Barbour, 733 A.2d 1286 (Pa.Super., 1999).  Likewise, Petitioner has made no attempt to seek dismissal of the criminal charges against him on the basis that he has been denied a speedy trial (although this is not surprising in light of the fact that Petitioner's trial has been delayed on the basis that he has been found incompetent to stand trial).  Petitioner has not exhausted available state court remedies with respect to either his continued involuntary commitment pursuant to the MHPA, or his speedy trial claim, and neither of Petitioner's claims is properly before this Court.

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  See 28 U.S.C. §2254(c)(2).  Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473 (2000).  Jurists of reason would not find it debatable that Petitioner has failed to exhaust available state court remedies.

AND NOW, this 28th day of January, 2010,

IT IS HEREBY ORDERED that the instant Petition for Writ of Habeas Corpus filed by

David Paul Braho is DISMISSED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge


cc:
**DAVID PAUL BRAHO**
Warren State Hospital
33 Main Drive
North Warren, PA 16365